**Fill in this information to identify the case:**

**Debtor 1**     Estep, Charles A.

**Debtor 2**     Estep, Teresa A.
(Spouse, if filing)

**United States Bankruptcy Court for the Eastern District of Kentucky, Pikeville Division**

**Case Number**   7:19-bk-70052
(If known)

[X] Check if this is an amended plan, and list below the sections of the plan that have been changed.

2.1   3.2

8.1

Local From 3015-1(a)
# THIRD AMENDED Chapter 13 Plan
12/17

## Part 1:   Notices

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [X] Included | [ ] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [X] Included | [ ] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## Part 2:   Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$0.00** for **1 month**; **$1863.00** for **2 months**; **$0.00** for **2 months**; $ **1863.00** for **7 months**; **$1,772.05** for **48 months.**

.
If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**
Check all that apply.
[X] Debtor(s) will make payments pursuant to a payroll deduction order.
[ ] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____.

Debtor **Estep, Charles A. & Estep, Teresa A.**                                    Case Number **7:19-bk-70052**

### 2.3 Income tax refunds.
Check one.

[X] Debtor(s) will retain any income tax refunds received during the plan term.

[ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

[ ] Debtor(s) will treat income tax refunds as follows:

### 2.4 Additional payments.
*Check one.*

[X] **None**. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ 109,620.00.**

## Part 3:   Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of default, if any.
Check one.

[X] **None**. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

### 3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. Check one.

[ ] **None**. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

[X] The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or
(b) discharge of the underlying debt under 11 U.S.C§ 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate* | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Community Trust Bank N** | **24,369.00** | **2014 Chevy Camero** | **24,000.00** | **0.00** | **24,000.00** | **6.25%** | **484.97** | **28,128.42** |
| **Community Trust Bank N** | **8,362.00** | **2014 Volkswagon Beetle** | **11,050.00** | **0.00** | **8,361.00** | **6.25%** | **168.95** | **9,799.21** |
| **Rushmore Lms** | **66,991.00** | **Remainder interest, Approx. 6 acres, recorded at DB 355, P 203,** | **11,000.00** | **0.00** | **11,000.00** | **6.25%** | | |

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision of the plan.

### 3.3 Secured claims excluded from 11 U.S.C. §506.
Check one.

[X] **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4   Lien avoidance.**

Debtor **Estep, Charles A. & Estep, Teresa A.**                                Case Number **7:19-bk-70052**

Check one.

[ ] **None**. If "*None*" is checked, the rest of § 3.4 need not be completed or reproduced.

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**
[X] The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C§ 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** | a. Amount of lien | $ **3,301.00** | **Amount of secured claim after avoidance** (line a minus line f) $ _____ |
| **Lendmark Financial Services** | b. Amount of all other liens | $ **0.00** | |
| **Collateral** | c. Value of claimed exemptions | +$ **800.00** | **Interest rate** (if applicable) |
| **Misc. Exempt Household Goods** | d. Total of adding lines a, b, and c | $ **4,101.00** | _____ |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | -$ **800.00** | **Monthly plan Payment on secured claim** $ _____ |
| | f. Subtract line e from line d. | $ **3,301.00** | **Estimated total payments on secured claim** $ _____ |

Extent of exemption impairment (Check applicable box):

[X] **Line f is equal to or greater that line a.**
The entire lien is avoided. (Do not complete the next column.)
[ ] **Line f is less than line a.**
A portion of the lien is avoided. (complete the next column.)

**3.5 Surrender of collateral**.
Check one.

[X] **None**. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6 All Other Secured Claims.**

An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $ **10,962.00**.

Debtor **Estep, Charles A. & Estep, Teresa A.**         Case Number **7:19-bk-70052**

### 4.3 Attorney's fees

1. Counsel for the debtor requests compensation as follows:

    a. [X] Pursuant to KYEB LBR 2016-2(a) an attorney's fee for Debtor's counsel shall be allowed in the amount of $ **3,500.00** (not to exceed $3,500). Of this amount, the debtor paid $**0.00** prior to the filing of the petition, leaving a balance of $ **3,500.00** to be paid through the plan. (The Debtor/Attorney for Debtor have complied with KYEB LBR 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)). Any additional requests for fees or expenses will be requested by separate application.
    OR

    b. [ ] An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.

2. Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments ordered by the Court.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

Check one.

[X] **None**. If *"None"* is checked, the rest of § 4.4 need not be completed or reproduced.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.
Check one.

[X] **None**. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:   Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

[ ]  The sum of $ _____.
[ ]  _____ % of the total amount of these claims. An estimated payment of $ _____
[X]  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **7.35**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. Check one.

[X] **None**. If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

### 5.3 Other separately classified nonpriority unsecured claims. Check one.

[X] **None**. If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:   Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. Check one.

[X] **None**. If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7:   Vesting of Property of the Estate

### 7.1 Except as provided in Part 8, property of the estate in the possession of the debtor(s) and properly scheduled will vest in the debtor(s) upon

Check the applicable box:

Debtor **Estep, Charles A. & Estep, Teresa A.**         Case Number **7:19-bk-70052**

    **[X]** plan confirmation
    **[ ]** entry of discharge.
    **[ ]** other: _____

**7.2 Unless otherwise ordered, the trustee retains all lien avoidance rights provided by statute.**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1 Check "None" or List Nonstandard Plan Provisions**

    **[ ] None**. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "**Included**" in § 1.3.*

**The claim of Americredit/GM Financial, secured by a 2013 Dodge Journey, shall be paid outside the plan by a third party (daughter).**

*ADDENDUM No. _____*
*ADDITION OF NON-EXEMPT PROCEEDS*
*TO THE PLAN PAYMENTS*
*(Lawsuits for Personal Injury, Breach of Contract, etc.)*

    1.  The Debtor(s) have certain causes of action identified below.  Upon confirmation of the plan, said causes of action shall revest in the Debtor for prosecution during the pendency of the case.  Upon receipt of an offer to compromise, any cause of action, the Debtor(s) shall notice all parties in interest, creditors, the Trustee and the Court by providing appropriate notice and sufficient opportunity to object to the proposed compromise.

*Description of Cause(s) of Action*
    The cause of action is described as follows: Potential personal Injury Claim as a result of automobile accident on 8/2018.  Debtor represented by Hon. Jason Reichenbach, 1031 Boradway St., Ste. 4, Paintsville, KY 41240.

    2,  Any non-exempt recovery arising from the aforementioned causes of action exercised by the Debtor(s), net of Court costs and attorney fees and cost, shall be paid to the Trustee for the benefit of the bankruptcy estate and disbursed as follows:
        (a) First, to administrative claimants and costs whose efforts and actions resulted in recovery benefiting the estate;
        (b) Second, to unsecured and undersecured creditors pro-rata pursuant to the priorities set forth in 11 U.S.C.. Sec 726;
        (c) Third, to the secured creditors, pro-rata; and
        (d) Fourth, after payment of all remaining claims, administrative costs and expenses of the estate, the balance shall be refunded to the Debtor(s).

    3.  Any non-exempt recovery by the Debtor(s) shall be paid to the Trustee in addition to the plan payments and shall not alter or reduce the periodic payments due under the plan, nor shall the duration of the plan be shortened, except to the extent said recovery shall result in payment in full to all creditors and administrative costs.

    4.  Prior to accepting any offer to compromise or settle any cause(s) of action, the Debtor(s) shall provide appropriate notice and sufficient opportunity to object to the proposed compromise or settlement to all creditors, the Trustee and the Court pursuant to rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure.

    5.  Any non-exempt recovery, net of attorney fees and costs, whether obtained by settlement, judgment, assignment, or otherwise, shall be paid to the Trustee for the benefit of the bankruptcy estate and disbursed as follows:
(a) First, to administrative claimants and costs whose efforts and action resulted in the sale benefiting the estate;
(b) Second, to unsecured and undersecured creditors pro-rata pursuant to the priorities set forth in 11 U.S.C. Sec 726;
(c) Third, to the secured creditors, pro-rata; and
(d) Fourth, after payment of all remaining claims, administrative costs and expenses of the estate, the balance shall be refunded to the Debtor(s).

    6.  All non-exempt proceeds shall be paid to the Trustee in addition to the plan payments and shall not alter or reduce the periodic payments due under the plan, no shall the duration of the plan be shortened, except to the extent said proceed shall result in payment in full to all creditors and administrative costs.

    7.  One or before May 1st of each year, counsel for the Debtor(s) shall provide the trustee with a status report of the aforementioned cause(s) of action.  The status report shall contain generally a brief summary regarding the then current posture of the cause(s) of action, and

Debtor **Estep, Charles A. & Estep, Teresa A.**  Case Number **7:19-bk-70052**

*shall further include proof of any sums received and the disposition of same.*

## Part 9: Signature(s):

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

The Debtor(s) and attorney for the Debtor(s), if any, must sign below.

| | |
|---|---|
| */s/ Charles A. Estep* | */s/ Teresa A. Estep* |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on **January 27, 2020** | Executed on **January 27, 2020** |
| */s/ Franklen K. Belhasen II* | Date: **January 27, 2020** |
| **Signature of Attorney for Debtor(s)** | |

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**

Debtor **Estep, Charles A. & Estep, Teresa A.**                          Case Number **7:19-bk-70052**

**Exhibit: Total Amount of Estimated Trustee Payments**

---

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

a. **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total)   $ **0.00**

b. **Modified secured claims** (Part 3, Section 3.2 total)   $ **0.00**

c. **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total)   $ **0.00**

d. **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total)   $ **117.22**

e. **Fees and priority claims** (Part 4 total)   $ **3,500.00**

f. **Nonpriority unsecured claims** (Part 5, Section 5.1, highest stated amount)   $ **856.51**

g. **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.2 total)   $ **0.00**

h. **Separately classified unsecured claims** (Part 5, Section 5.3 total)   $ **0.00**

i. **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)   $ **0.00**

j. **Nonstandard payments** (Part 8, total)   +   $ **0.00**

  **Total of lines a through j**   $ **109,620.00**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the Debtors' Third Amended Chapter 13 Plan, dated January 27, 2020, has been electronically mailed to Hon. Beverly Burden, Chapter 13 Trustee and mailed to all creditors on this the 27th day of January, 2020.

                               */s/ Franklen K Belhasen II*
                               **Franklen K. Belhasen II**
                               **Attorney at Law**
                               **BELHASEN LAW OFFICES**
                               **814 S. Mayo Trail**
                               **Paintsville, Kentucky 41240**
                               **Telephone: (606) 789-9925**